JOHN W. ENRIGHT, AND OTHERS, RESPONDENTS, v.
RICHARD GRANT, AND ANOTHER, APPELLANTS.

REHEARING DENIED.—Petition for rehearing is a pleading and should
   not be an argument.  If points and authorities are submitted it
   should be in a separate instrument.

ON petition for rehearing; ante p. 334.

*Mr. Arthur Brown,* for appellants.

*Mr. E. D. Hoge* and *Mr. W. I. Snyder,* for respond-
ents.

HENDERSON, J.:

The appellants' petition for a rehearing upon the ground
that the court, in determining that a complaint might be
maintained in any case without issue and return of execu-
tion, misapprehended the nature of the property sought to
be reached by the complaint.  Upon this branch of the
case, we were agreed that the complaint might allege facts
that would avoid the necessity of alleging the issue and
return of execution unsatisfied.  The defendant insists, on
this motion, that the exception to the rule stated in the
opinion only applies when the appellant has a lien upon
the property sought to be reached.  There is no substan-
tial disagreement in the reported cases that where the law
creates a lien in favor of a creditor, and a debtor has fraud-
ulently interposed some obstacle to its enforcement, the
creditor can resort to equity to remove the cloud and en-
force his lien, and, under statutes, where the judgments
are made a lien, it may be done without issuing execution.

But where, as in this case, the creditor seeks to reach
property that is not liable to execution, and no lien is
created upon it, then the only ground of equitable juris-
diction is that the creditor has no adequate remedy at law;
and, as stated in the opinion of the court, the general rule
is that this is shown by issuing and returning an execution

*nulla bona.* But we held, and still think, that this is not the only means of showing it, and the exception to the general rule applies to any property that cannot be reached by execution, and upon which no lien is given. 3 Pom. Eq. Jur. sec. 1415, note 4, cited by counsel, expressly recognizes the disagreement in the reported cases on this subject.

We call attention to the practic pursued in this case on motion for rehearing. The petition is an extended and elaborate argument in favor of a rehearing. This is not in conformity to the rule. The petition for rehearing is a pleading, and should not be an argument. If points and authorities are submitted, it should be in a separate instrument, and not as a part of the petition.

The motion for rehearing is denied.

Zane, C. J., and Boreman, J., concurred.